```
                UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION
```

MICHAEL ROSAMOND                                          PLAINTIFF

VS.                              CIVIL ACTION NO. 3:10CV263TSL-FKB

GREAT AMERICAN INSURANCE
COMPANY AND HOWARD LACEY
TRUCKING, LLC                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the court on plaintiff Michael Rosamond's motion to remand. Defendant Great American Insurance Company (Great American) has responded in opposition to the motion and the court, having considered the parties' memoranda of authorities, together with attachments, concludes the motion is not well taken and should be denied.

The issue on the present motion to remand is whether defendant Howard Lacey Trucking, LLC, whose Mississippi citizenship is not diverse from that of plaintiff, has been improperly joined to defeat diversity jurisdiction.[1] Plaintiff, a Mississippi citizen, was employed by Howard Lacey Trucking as a truck driver on January 2, 2007, when he suffered an injury unloading furniture from a truck. According to the complaint, at the time of this accident, he was covered under an Occupational Accident Insurance Policy that was written and administered by Great American. The policy was provided by Howard Lacey as a

---

[1] Great American is an Ohio corporation with its principal place of business in Ohio. As between plaintiff and Great American, there is diversity of citizenship.

benefit to its employees. Plaintiff alleges that he made a claim under the policy, and that although Great American initially accepted his claim as compensable under the policy and paid him benefits for several months, Great American subsequently "in bad faith and in direct violation and breach of the contract of insurance, advised Rosamond that they would not be considering or paying for any bills for Rosamond's medical treatment after June 4, 2007, including [a] back surgery" he had undergone in October 2007. Rosamond charges that that he "made numerous attempts and/or pleas with Great American to have them consider and/or pay for the medical treatment related to this incident," but that "Great American continually, and in bad faith and without an arguable basis to do so, refused to comply with the terms of the contract of insurance and denied Rosamond benefits under the policy of insurance." Based on these allegations, Rosamond has pled claims in four counts against "defendants," as follows: Count I charges breach of contract; Count II alleges bad faith denial/delay of obligation imposed by law; Count III charges negligence, gross negligence and reckless disregard of plaintiff's rights and well being by "wrongfully denying [him] benefits owed under the [policy]"; and Count IV alleges a civil conspiracy, because "Defendants, acting in concert, sought to accomplish a denial of Rosamond's [policy] claim at issue," and "sought to fraudulently and unlawfully circumvent enforcement of the laws of Mississippi regulating insurance contracts so as to unlawfully

2

take from Rosamond benefits and medical treatment under the [policy]."

Great American removed the case from state court, contending Howard Lacey was improperly joined.[2] Great American asserts that Rosamond has no valid grounds to proceed on his claims against Howard Lacey and that Howard Lacey has been improperly joined to defeat diversity. In considering a charge of improper joinder, the court must accept as true the material allegations of the complaint, granting the plaintiff all reasonable inferences in support of his claims based upon those facts, and finding fraudulent joinder only if the facts alleged are insufficient, if proved, to establish a right of recovery against Fletcher. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (facts alleged must be sufficient to raise a claim for relief above the speculative level, assuming that all the facts alleged are true, even if those facts may be doubtful).

Although plaintiff purports to assert Counts I through III of the complaint against "defendants," the *factual allegation* underlying these counts relate solely to *Great American's* allegedly wrongful denial of benefits. Not a single *fact* is

---

[2] The Fifth Circuit has indicated a preference for use of the term "improper joinder," rather than "fraudulent joinder," as being "more consistent with the statutory language," though "there is no substantive difference between the two terms." Smallwood v. Illinois Cent. R. Co., 385 F.3d 568, 571 n.1 (5th Cir. 2004).

3

alleged anywhere in any of these counts against Howard Lacey.  The
only factual allegations relating to Howard Lacey in plaintiff's
recitation of "Facts" are his allegations that plaintiff was
employed by Howard Lacey on the date of his injury, and that
"Howard, as a benefit to its truck drivers, provided Rosamond with
an Occupational Accident Insurance Policy that was written and
administered by Great American."  The breach of contract count
includes the only other reference to Howard Lacey, stating, "That
Howard helped Rosamond procure said policy of insurance and/or
helped pay premiums of said policy."  Nowhere is there any
allegation or intimation that Howard Lacey had any involvement in
administering or investigating claims or in making claims
decisions.[3]  None of these counts states a cognizable claim
against Howard Lacey.

Count 4 purports to allege a claim of conspiracy between
Great American and Howard Lacey to deny plaintiff's claim for
benefits and to "fraudulently and unlawfully circumvent
enforcement of the laws of Mississippi regulating insurance

---

[3] In deciding whether there has been improper joinder, the court considers only the allegations of plaintiff's complaint, and not any new allegations which appear in his motion to remand. See Ironworks Unlimited v. Purvis, 798 F. Supp. 1261, 1265-66 (S.D. Miss. 1992)(stating that "the Court must resolve removal and remand issues by resort only to the claims that existed in the Complaint at the time that the action was removed from state court."). Although plaintiff attempts to characterize the allegations appearing for the first time in his motion to remand as mere clarification of the allegations of his complaint, that cannot be the case, since the complaint contains no factual allegations that could be clarified.

contracts so as to unlawfully take from Rosamond benefits and medical treatment under the [policy]." Yet plaintiff has failed to allege any facts in support of these conclusory conspiracy allegations, and moreover, with respect to the conspiracy to commit fraudulent activity allegations, has further failed to plead the underlying fraudulent activity with specificity. See Guidry v. United States Tobacco Co., 188 F.3d 619, 631–32 (5th Cir. 1999) ("'[A] general allegation of conspiracy[,] without a statement of the facts constituting that conspiracy, is only an allegation of a legal conclusion and is insufficient to constitute a cause of action.'")(citation omitted); U.S. ex rel. Grubbs v. Kanneganti, --- F.3d ----, No. 07-40963, 565 F.3d 180, 2009 WL 930071, *9 (5th Cir. Apr. 8, 2009) ("a plaintiff alleging a conspiracy to commit fraud must 'plead with particularity the conspiracy as well as the overt acts ... taken in furtherance of the conspiracy' ") (quoting FC Inv. Group LLC v. IFX Markets, Ltd.., 529 F.3d 1087, 1097 (D.C. Cir. 2008)).

In sum, therefore, in light of the complete absence of factual allegations upon which liability could be imposed on Howard Lacey, the court concludes that plaintiff has no reasonable possibility of recovery against Howard Lacey and that he has therefore been improperly joined.

Accordingly, it is ordered that plaintiff's motion to remand is denied. It is further ordered that plaintiff's complaint against Howard Lacey is dismissed.

SO ORDERED this 6th day of July, 2010.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE